UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61328-CIV-COHN/WHITE

CRAIG MACK,

    Petitioner,

v.

EDWIN G. BUSS, Secretary of the
Florida Department of Corrections,

    Respondent.
_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** is before the Court on the Report of United States Magistrate Judge Patrick A. White [DE 15] ("Report") regarding Craig Mack's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [DE 1] ("Petition"). In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Petition, the Report, Mr. Mack's Objections to Report of Magistrate Judge [DE 16] ("Objections"), and is otherwise fully advised in the premises.

### I. BACKGROUND

Mr. Mack was charged with the following counts relating to the armed robbery of a jewelry store: robbery with a firearm (Count I) and aggravated assault with a firearm (Counts II-V). At trial, the jury found Mr. Mack guilty of all counts. The trial court adjudicated him guilty and imposed the following sentence: for Count I, a minimum mandatory term of life imprisonment as a prison releasee reoffender plus a ten-year minimum mandatory for a firearm; for Counts II-V, fifteen years' imprisonment with a ten-year minimum mandatory as a violent career criminal and a three-year minimum

mandatory as to Count V for a firearm, concurrent.

Mr. Mack appealed, arguing that the trial court erred in restricting cross-examination of the State's DNA expert. On June 18, 2009, the Fourth District Court of Appeal, *per curiam*, affirmed. Thereafter, on July 17, 2009, Mr. Mack filed a rule 3.850 motion for post-conviction relief based on ineffective assistance of counsel. The trial court denied relief, and the Fourth District Court of Appeal affirmed. The mandate issued on May 20, 2011.

Mr. Mack filed the instant Petition on June 13, 2011. The Petition raises the following claims:

1. The trial court erred in restricting cross-examination of the State's DNA expert;

2. Trial counsel was ineffective for failing to ensure a juror was not actually biased;

3. Trial counsel was ineffective for failing to investigate, consult with, and/or call as expert witnesses crime scene and laboratory technicians; and

4. Trial counsel was ineffective for failing to request a Frye hearing.

In his Report, Judge White recommends that the Court deny the Petition on all claims.[1] Mr. Mack filed Objections, disputing Judge White's analysis and conclusion as to the merits of each claim.

---

[1] Judge White also recommends that the Court reject Respondent's argument that Claims 2 and 4 are unexhausted. Neither party has objected to this recommendation, and the Court agrees with Judge White that all claims have been exhausted. Therefore, the Court considers all claims on the merits.

## II. LEGAL STANDARD

A federal court may only grant a writ of habeas corpus for a claim that was adjudicated on the merits in state court if the state court's decision "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Fugate v. Head, 261 F.3d 1206, 1215-16 (11th Cir. 2001).  When considering a § 2254 petition for habeas corpus, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1); Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001).

Further, to prevail on an ineffective assistance of counsel claim, the movant must show both (1) that his counsel's efforts fell below constitutional standards and (2) that as a result, the movant suffered prejudice.  Strickland v. Washington, 466 U.S. 688, 690 (1984).  Failure to establish either prong is fatal, making it unnecessary for the court to consider the other prong.  See id. at 697.

## III. ANALYSIS

Judge White's Report contains a thorough and correct analysis of the claims contained in the Petition.  The undersigned agrees with Judge White's conclusion that the Florida courts' rejection of these claims was neither contrary to nor an unreasonable application of clearly established federal law, and was not based on an unreasonable

view of the facts.  Therefore, in accordance with the discussion below, the Court will overrule Mr. Mack's Objections and deny the Petition.

### A. Claim 1

In Claim 1, Mr. Mack argues that the trial court erred when it restricted cross-examination of the State's DNA expert regarding prior errors at the lab.  As Judge White noted, the trial court's "ruling was correct under the Florida and Federal rules of evidence because the lab's past issues had no arguable bearing on the validity of the results in Mack's case because the questionable practices involved a different BSO employee, the lab's procedures had been corrected, and the lab had been re-certified."  Report at 15.  This Court agrees with Judge White that the requested cross-examination was therefore wholly irrelevant to Mr. Mack's case, would have been more prejudicial than probative, and would have risked confusing the jury.  Id.  Therefore, the trial court's limitation on cross-examination was not contrary to or an unreasonable application of clearly established federal law.  Thus, this claim fails.

Mr. Mack objects to the Report's findings on Claim 1, essentially rearguing his claim.  Nothing in the objection refutes Judge White's analysis or conclusion on this claim.  Though Mr. Mack maintains his belief that the jury was entitled to hear the excluded testimony, the Florida and Federal rules of evidence preclude irrelevant evidence from admission at trial.  Therefore, this objection will be overruled.

### B. Claim 2

In Claim 2, Mr. Mack contends that trial counsel was ineffective for failing to ensure that a prospective juror was not biased by questioning her about the presumption of innocence and exercising either a cause or peremptory challenge to strike her. The juror in question indicated that she understood the burden of proof and would presume Mr. Mack to be innocent until proven guilty beyond all possible doubt. Though she expressed that she would like to hear Mr. Mack testify, as Judge White noted, "[t]he desire to hear Mack's side of the story does not indicate the juror would deviate from the burden of proof, would disregard the court's instructions, or would find Mack guilty if he did not testify." Report at 17. This Court agrees with Judge White that no deficient performance is evident. Further, and importantly, even if counsel's performance had been deficient, Mr. Mack fails to demonstrate how the alleged deficiency prejudiced him. Therefore, this claim fails.

Mr. Mack's objection to Judge White's conclusion on Claim 2 reiterates that Mr. Mack believes the juror in question was biased. Obj. at 3. Mr. Mack reasserts his argument that "the juror voted not to acquit the Petitioner because he excersised [sic] his right not to testify," id. at 4, but Mr. Mack still offers nothing other than pure speculation in support of his argument. As Judge White noted, "Mack's speculative allegation that the juror might have voted to find Mack guilty because he did not testify is entirely without foundation in the record and insufficient to show the outcome of trial would have been different had counsel performed effectively." Report at 18-19. Therefore, the objection will be overruled.

### C. Claim 3

In Claim 3, Mr. Mack argues that trial counsel was ineffective for failing to investigate, consult with, and/or call as defense experts crime scene and laboratory technicians. Mr. Mack complains that his counsel should have obtained experts to testify that the DNA and fingerprint evidence placing him at the scene of the crime was manipulated or switched. Yet, as Judge White noted, Mr. Mack "fails to identify any error in the procedures that the State's experts described in detail at trial. Nor has he explained precisely how defense experts' analysis would have revealed 'switching' or 'manipulation' of the evidence. Nor has he explained how defense experts' analysis of the same evidence would have resulted in a different outcome." Report at 20. This Court agrees with Judge White that no deficient performance is apparent. As such, this claim fails.

Mr. Mack's objection regarding Claim 3 disputes the Report's assertions that counsel need not investigate every possible defense and that counsel has no duty to raise issues which have little or no chance of success. Obj. at 4. Well-established Supreme Court and Eleventh Circuit precedent refutes Mr. Mack's argument. See Knowles v. Mirzayance, 129 S. Ct. 1411, 1420 (2009) ("this Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success."); Chandler v. United States, 218 F.3d 1305, 1317 (11th Cir. 2000) ("no absolute duty exists to investigate particular facts or a certain line of defense."). Mr. Mack also asserts that "[a] defendant is prejudiced and counsel is deficient when counsel chooses a trial strategy defense then fails to properly or fully investigate that defense to a point where ultimately the jury was unable to even

consider the choosen [sic] defense." Obj. at 5. Mr. Mack continues, "Here, counsel's performance did fail the Petitioner where, combined with ground One (1), the jury was unable to find it was possible the DNA evidence was unreliable enough to raise doubt." Id. The sole fact that the jury's verdict did not indicate agreement with the defense's theory of the case does not render defense counsel's performance deficient. Mr. Mack still fails to identify any procedural errors, any way in which the defense experts could have shown "switching" or "manipulation" of the evidence, and any way in which defense experts' analysis would have resulted in a different outcome  As such, this objection will be overruled.

### D. Claim 4

In Claim 4, Mr. Mack contends that trial counsel was ineffective for failing to request a Frye hearing and for failing to move *in limine* to exclude the State's scientific evidence. Mr. Mack claims that a Frye hearing would have resulted in the exclusion of the DNA and fingerprint evidence, and the State would not have been able to prove its case.

Florida law does not require a Frye hearing when the scientific opinion at issue is not new or novel. Zack v. State, 911 So. 2d 1190, 1198 (Fla. 2005). Fingerprints and DNA evidence are not new or novel. See Hayes v. State, 660 So. 2d 257, 262-65 (Fla. 1995). Indeed, fingerprints and DNA evidence are generally accepted in Florida as long as the testing procedures were properly conducted. See id. Though Mr. Mack alleges that there were faulty testing procedures in his case, he fails to identify what procedures were faulty or how they affected the test results. As Judge White notes, "[t]he trial transcript contains exhaustive testimony from the State's experts describing the

fingerprint and DNA collection procedures, analysis methods, and chain of custody. Counsel cannot be deemed deficient for failing to request a Frye hearing or motion *in limine* where there is absolutely no basis in the record to object to the DNA or fingerprint collection or testing procedures." Report at 22. This Court agrees, and finds that this claim fails.

In his objection to Judge White's recommendation regarding Claim 4, Mr. Mack relies on his objections to Claims 1 and 3, stating, "If proper analysis was given to the other grounds it would be unavoidably obvious that the same questioning of the witness and discoveries by the not allowed defense expert would have supported a favorable finding during a Frye hearing." Obj. at 5-6. As explained above, the objections as to Claims 1 and 3 fail. As such, the objection to Claim 4 will also be overruled.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Mr. Mack's Objections to Report of Magistrate Judge [DE 16] are **OVERRULED**;

2. The Report of United States Magistrate Judge Patrick A. White [DE 15] is **ADOPTED**;

3. Mr. Mack's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [DE 1] is **DENIED with prejudice**;

4. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, Petitioner is hereby **DENIED** a certificate of appealabilty because he has failed to make a substantial showing that he was denied a constitutional

right.  The Court notes that pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Petitioner may request issuance of a certificate of appealability from the Eleventh Circuit;

5. Any pending motions are **DENIED as moot**, and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 7th day of December, 2011.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF